# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON MCALLISTER,** : | CIVIL ACTION NO. 1:09-CV-1710 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **DAUPHIN COUNTY PRISON,** : | |
| **CAGNO.** : | |
| **Defendants** : | |

## MEMORANDUM

This civil rights action was initiated by plaintiff, Jason McAllister, on September 2, 2009. (Doc. 1.) Named as defendants are the Dauphin County Prison and Correctional Officer Cagno. Presently before the court is a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants on December 14, 2009. (Doc. 15.) On January 7, 2010, plaintiff sought, and was granted, an extension of time in which to oppose defendants' motion. (Doc. 19.) His opposition brief was due on January 25, 2010. No opposition to defendants' motion has been received by the court. Therefore, in accordance with L.R. 7.6, the motion will be deemed unopposed, see L.R. 7.6 (stating any party who fails to file a brief in opposition to any motion shall be deemed not to oppose such motion) and, for the following reasons, will be granted without prejudice.

## I. Allegations of the Complaint

Plaintiff alleges that while he was incarcerated at the Dauphin County Prison, defendant Cagno mistreated him by making handcuffs and shackles too tight and making racist remarks. (Doc. 1, at 2.) He also alleges that he was assaulted by Cagno and another officer. (Id.) Following the assault, he claims that all his belongings, which included personal hygiene items, pictures, mail, and legal work, were thrown away. (Id.)

In the Civil Rights Form Complaint filled out and filed by plaintiff, in response to the questions concerning exhaustion of administrative remedies, he indicates that there is a grievance procedure at the Dauphin County Prison, and although he filed a grievance concerning the above facts, he failed to complete the grievance process. (Doc. 1, at 1.)

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and

2

items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

4

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525)).

As noted by defendants, plaintiff acknowledged in his complaint there is a grievance procedure at Dauphin County Prison and that he did not complete the procedure. (Doc. 16.) It is evident that plaintiff failed to fully exhaust available administrative remedies. Consequently, the complaint is subject to dismissal.

## IV. Conclusion

Based on the foregoing, defendants' motion to dismiss the complaint will be deemed unopposed and granted.

An appropriate order follows.

                                  S/ Christopher C. Conner
                                  CHRISTOPHER C. CONNER
                                  United States District Judge

Dated:        February 12, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON MCALLISTER**, | : | CIVIL ACTION NO. 1:09-CV-1710 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY PRISON**, **CAGNO**. | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 12th day of February, 2010, upon consideration of defendants' motion to dismiss (Doc. 15), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss is DEEMED unopposed in accordance with L.R. 7.6, and is GRANTED.

2. Plaintiff's complaint is DISMISSED in its entirety, without prejudice.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge